UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PERRY LEE WYSINGER                      CIVIL ACTION NO. 16-cv-1296

VERSUS                                   JUDGE FOOTE

DEPARTMENT OF VETERANS AFFAIRS           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Perry Lee Wysinger filed this civil action, without representation by an attorney, against the Veterans Administration ("VA"). Mr. Wysinger alleges that he is a veteran, having served in the army, and he applied for a non-service disability pension through the Department of Veterans Affairs. Mr. Wysinger alleges that he was granted a pension, but he received only one check in 1995 before being cut off from benefits. He states that he is suing for back payments on his disability pension over the course of the last 20 years.

Congress has passed statutes that make it clear that federal district courts may not review veterans' benefits determinations. There is an exclusive review procedure that the veteran must follow, and it begins with filing a claim at a regional office of the VA. The veteran may appeal his benefit determination to the Board of Veterans Appeals. The Board's decision may be appealed to the Court of Appeals for Veterans Claims, and that court's decisions are reviewed exclusively by the United States Court of Appeals for the Federal Circuit. The veteran may then petition for review by the Supreme Court. See <u>Shinseki v. Sanders</u>, 129 S.Ct. 1696, 1701 (2009) (outlining appeals process); <u>King v. U.S. Department of Veterans Affairs</u>, 728 F.3d 410 (5th Cir. 2013) (district court lacks jurisdiction over

benefits claim against the VA); Zuspann v. Brown, 60 F.3d 1156, 1158-60 (5th Cir. 1995) (district court lacks jurisdiction over benefits claim against the VA); and Lundy v. Department of Veterans Affairs, 142 F.Supp. 2d 776 (W.D. La. 2001) ("district courts are precluded from reviewing VA benefit decisions."). This court does not have the authority to grant the relief that Mr. Wysinger requests. He must make his arguments within the process that Congress has established for review of such claims.

Accordingly,

**IT IS RECOMMENDED** that Mr. Wysinger's complaint be **dismissed without prejudice** for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of September, 2016.

Mark L. Hornsby
U.S. Magistrate Judge